IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT -9 A 9:59
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES OF AMERICA )
v. ) CR. NO. 2:07-CR-178-WKW
CHRISTOPHER KENDELL RUSH )

## MOTION FOR APPOINTMENT OF COUNSEL

Come now in the about style the defendant, CHRISTOPHER KENDELL RUSH, prays that this honourable court grant the motion for appointment of counsel for the follow:

1) **Ineffective assistance of counsel.**

Defendant's counsel, MICHAEL PETERSEN, Federal defender for the Middle District has failed to exercise due diligence in ascertaining evidence that is blatantly vital to my defense; in petitioning the Petro Mart located at 3011 West Fairview Av., and the Montgomery Police Department for video surveillance. It is alleged by the defendant that counsel has not made any contact with these agencies in regard to said case. The United States Supreme Court in Wiggins v. Smith, 123 S.Ct. 2527 (2003) deemed counsel incompetent, sustaining the argument that the Sixth Amendment right to counsel had been violated. Counsel's failure to produce evidence vital to the defense constituted this ruling.

2) <u>Unprofessional Lawyer misconduct</u>

On September 18, 2007 defendant's counsel MICHAEL PETERSEN, used "profane" language while objecting to the defendant's plea to testify in his defense during trial. Counsel was hostile toward the defendant and prejudiced toward the defendant's advice in defense strategy. Counsel's prejudice has biased his ability to concede the defendant's judicial right to testify in his own behalf to wit, the defendant pray that this honourable court will assert under the guarantee of the Sixth Amendment.

3) <u>Irrecovably broken communication</u>

On September 18, 2007 the defendant provided counsel MICHAEL PETERSEN, with information that would aide in his defense. This information was treated with scorn and dismissed by counsel as being a ploy. The information given was testimonial evidence by one of the two other individuals involved in the traffic stop and was indicative facts pertinent to my defense. Counsel refused at that time to contact this witness and to consider placing this witness on the stand during trial. Counsel Furthermore, stated at that time our conference was over and that he would immediately be filing a motion to be removed as my attorney. Defendant hereby confer the injury of right to a fair trial by counsel MICHAEL PETERSEN under the Sixth Amendment, and respectfully petition this court for appointment of counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2007 by United States Postal Service I filed foregoing motion to the Clerk of Court.

Respectfully Submitted
Christopher K. Rush

Montgomery City Jail 07-217(FED)
P.O. Box 159
Montgomery, AL 36101

Debra Hackett, Clerk of Court
One Church Street
Montgomery, Alabama 36104