Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

---

May 06, 2008

**Appeal Number: 08-12341-B**
Case Style: USA v. Christopher Kendell Rush
District Court Number: 07-00178 CR-W-N

TO:   Crowell Pate DeBardeleben

CC:   Debra P. Hackett

CC:   Verne H. Speirs

CC:   John T. Harmon

CC:   Tommie Brown Hardwick

CC:   Matthew W. Shepherd

CC:   Leura Garrett Canary

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 06, 2008

Crowell Pate DeBardeleben
Attorney at Law
2835 ZELDA RD
MONTGOMERY  AL  36106-2667

**Appeal Number: 08-12341-B**
Case Style: USA v. Christopher Kendell Rush
District Court Number:  07-00178 CR-W-N

The referenced case was docketed in this court on May 5, 2008.
Please use the appellate docket number noted above when making inquiries. Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding pursuant to 11th Cir. R. 46-1, et seq.  An attorney not yet properly admitted must file an appropriate application for admission within fourteen (14) days from this date. In addition, all attorneys (except court appointed-counsel) who wish to participate in this appeal must complete and return an appearance form within (14) days from this date.  Application and appearance forms are available on the Internet at www.ca11.uscourts.gov.  The clerk may not accept motions or other filings from an attorney until that attorney files an appearance form.  See 11th Cir. R. 46-5.

We have not yet received the Certificate of Interested Persons and Corporate Disclosure Statement (CIP) required by FRAP 26.1 and the accompanying circuit rules.  The rules provide that the certificate must be filed by every appellant [and cross-appellant] with this court within 10 days after the appeal is docketed in this court, or along with the filing in this court by any party of any motion, petition, or pleading, whichever occurs first.  The rules further provide that on the same day a paper certificate is served, the party filing it must also complete the court's web-based certificate at the "Electronic Filing" link of the court's website, www.ca11.uscourts.gov, by electronically providing the information required for that form.  Only the ticker symbols for publicly traded corporations that are listed on the paper CIP must be entered in the web-based system.  If your CIP does not include any publicly traded corporations, you are required to go to the website and simply click the button indicating that you have no publicly traded corporations to report.  Pro se parties are not required or authorized to complete the web-based certificate.

You are hereby notified that the clerk is not authorized to submit to the court any brief (except for the reply brief of an appellant or cross-appellant), petition, answer, motion or response that does not contain the certificate, but may receive and retain the papers pending supplementation of the papers with the required certificate.  You are also hereby notified that failure to submit the required certificate will result in your document(s) being returned unfiled which may ultimately result in dismissal of your appeal.

Pursuant to Eleventh Circuit Rule 42-1(b) appellant is hereby notified that upon expiration of fourteen (14) days from this date, this appeal will be dismissed without further notice by the clerk unless the default(s) noted below have been corrected:

File a Transcript Information Form, as required by Fed.R.App.P. 10(b)(1); a Transcript Information Form is available from the district court clerk. Appellant is required to file and serve copies of the form in accordance with the instructions included on the form. UNLESS A TRANSCRIPT IS ORDERED, APPELLANT'S BRIEF MUST BE FILED WITHIN 40 DAYS OF THE DATE THE APPEAL WAS DOCKETED IN THIS COURT. See 11th Cir. R. 12-1 and 31-1.

In any direct criminal appeal from a judgment entered pursuant to the Sentencing Guidelines, counsel or parties proceeding pro se must contact the district court to ensure that the record includes the presentence investigation report (PSI) and "the information submitted during the sentencing proceedings." See 18 U.S.C. § 3742(d).

In any criminal appeal in which there is an issue involving the validity of the guilty plea, counsel or parties proceeding pro se must contact the district court to ensure that the record includes a transcript of the guilty plea colloquy.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carolyn Magers (404) 335-6181

DKT-2 (11-2007)