```
                   IN THE UNITED STATES DISTRICT COURT

                   FOR THE MIDDLE DISTRICT OF ALABAMA

                            NORTHERN DIVISION



UNITED STATES OF AMERICA

     vs.                          CASE NO.:  2:07cr178-WKW

CHRISTOPHER KENDELL RUSH,

         Defendant.




                        *  *  *  *  *  *  *  *  *  *

                            SENTENCING HEARING

                        *  *  *  *  *  *  *  *  *  *

        BEFORE THE HONORABLE W. KEITH WATKINS, UNITED STATES

DISTRICT JUDGE, at Montgomery, Alabama, on Tuesday, April 29,

2008, commencing at 10:12 a.m.

APPEARANCES:

FOR THE GOVERNMENT:        Mr. Verne H. Speirs
                           Assistant United States Attorney
                           OFFICE OF THE UNITED STATES ATTORNEY
                           131 Clayton Street
                           Montgomery, Alabama   36104

FOR THE DEFENDANT:         Mr. C. Pate DeBardeleben
                           Attorney at Law
                           2835 Zelda Road
                           Montgomery, Alabama   36106

            Proceedings reported stenographically;
               transcript produced by computer.
```

```
 1      (The following proceedings were heard before the Honorable
 2       W. Keith Watkins, United States District Judge, at
 3       Montgomery, Alabama, on Tuesday, April 29, 2008, commencing
 4       at 10:12 a.m.:)
 5      (Call to Order of the Court)
 6      (Defendant present)
 7           MR. DEBARDELEBEN:  Good morning, Your Honor.
 8           THE COURT:  Good morning.
 9           MR. SPEIRS:  Good morning, sir.
10           THE COURT:  We're here for the sentencing of
11  Mr. Christopher Kendell Rush in 07-178.  Let's take
12  appearances.  For the government, please?
13           MR. SPEIRS:  Your Honor, Verne Speirs on behalf the
14  United States.
15           THE COURT:  Good morning.
16           MR. SPEIRS:  Good morning, sir.
17           THE COURT:  And for the defendant?
18           MR. DEBARDELEBEN:  Your Honor, good morning.  Pate
19  DeBardeleben for Mr. Rush.
20           THE COURT:  Good morning.
21      Good morning, Mr. Rush.
22           THE DEFENDANT:  Good morning, sir.
23           THE COURT:  Would y'all like to come up to the podium,
24  please?
25           This is a case that was tried with a conviction before
```

```
 1  a jury on February the 5th, 2008, in my court.  Mr. Rush, have
 2  you and your attorney had an opportunity to review the
 3  presentence report?
 4           THE DEFENDANT:  Yes, sir, we have.
 5           THE COURT:  Okay.  Do y'all have any objections?
 6           MR. DEBARDELEBEN:  Not to the probation officer's
 7  report, Your Honor.
 8           THE COURT:  All right.  Does the government have any
 9  objections, Mr. Speirs?
10           MR. SPEIRS:  No, sir.
11           THE COURT:  Are there any pending motions?
12           MR. DEBARDELEBEN:  Not from the defendant, Your Honor.
13           MR. SPEIRS:  Not from the government, Judge.
14           THE COURT:  All right.  In compliance with Justice
15  Breyer's majority opinion in Booker, this Court, while not bound
16  to apply the guidelines, has consulted them and has taken them
17  into account on the issue of the appropriate range of sentence
18  to be imposed in this case.  There being no objections to the
19  presentence report, the Court adopts the factual statements
20  contained in the presentence report with specific findings that
21  the offense level is 22, criminal history category is IV, the
22  guideline range is from 63 to 78 months, the supervised release
23  period is from two years to three years, and the fine range is
24  from 7500 to $75,000.
25           Does the government dispute those calculations?
```

```
 1          MR. SPEIRS:  No, sir.
 2          THE COURT:  Does the defendant?
 3          MR. DEBARDELEBEN:  No, sir.
 4          THE COURT:  All right.  Mr. Rush, this is the time for
 5  you or your attorney to say whatever you need to in mitigation
 6  of the sentence before I pronounce sentence in this case.
 7          Mr. DeBardeleben, do you or Mr. Rush have anything
 8  you'd like to say at this time?
 9          MR. DEBARDELEBEN:  Your Honor, we are asking the Court
10  to sentence Mr. Rush to the bottom of the guidelines.  We do
11  believe, based off everything, that would be a satisfactory
12  sentence to meet all the requirements that are set out in the
13  code.  And so we are asking Your Honor to sentence him to 63
14  months.
15          THE COURT:  Okay.
16          MR. DEBARDELEBEN:  Mr. Rush?
17          THE COURT:  Mr. Rush, do you have anything to say?
18          THE DEFENDANT:  Yes, sir.  Good morning, sir, first of
19  all.
20          THE COURT:  Good morning.
21          THE DEFENDANT:  I ask that you take in consideration my
22  understanding of my position in this matter at this point.
23  Having been -- had a jury trial, I feel strongly that there are
24  some issues that didn't really come out that should have.  And I
25  understand that the Court's position at this time is to impose
```

1  sentencing on me based on the findings of the jury and of the
2  legal proceedings that has went forth so far.
3         In consideration of my sentence, sir, I understand that
4  I ended up in this court because I am a convicted felon and that
5  I've had some run-ins with the law, even serving time here in
6  the state of Alabama.  My mind-set at this point is at the time
7  of all of this, I wasn't doing a real good job of managing my
8  life.  I really wasn't.  This incident has stirred up in me the
9  understanding that I need to take more responsibility for my
10 life, to be -- to manage it and the relationships that come with
11 it.  That's just my mind-set.  And I hope that you will consider
12 it as you impose sentencing.
13        THE COURT:  Okay.  Thank you, Mr. Rush.
14        Anything from the government?
15        MR. SPEIRS:  Your Honor, the government would just like
16 to point out that back in 5/18 of '95, Mr. Rush was convicted
17 for kidnapping and theft of property.  And according to this
18 report, it's where that he took a vehicle at gunpoint.  And had
19 that come to federal court, Judge, that would likely be a
20 federal carjacking with a 924(c) charge, which is a very serious
21 charge, Judge.
22        And I understand what Mr. Rush is saying.  It seems as
23 though the opportunity for him to change his life -- he's had
24 numerous opportunities, according to the presentence report.
25 He's had numerous run-ins with the law.  And although he may be

```
 1  a criminal history category of IV, I think is where he
 2  ultimately -- ultimately ends up, he's had some difficult times
 3  adjusting to society, Your Honor.  And I think that what the
 4  probation has recommended, 72 months, reflects well that he
 5  needs some time in federal prison in order to -- to reflect on
 6  how he's found himself here today, Judge.
 7          THE COURT:  Okay.
 8          MR. DEBARDELEBEN:  Do you want to respond to that?
 9          Judge, I'm just pointing out to the Court, which is
10  clear to the Court, that this was 13 years ago.  I do not know
11  if Mr. Rush wants to respond to Mr. Speirs or not.
12          THE DEFENDANT:  And again, sir, I would like to state
13  that the original charge on that when I was arrested was
14  kidnapping first and first-degree armed robbery.  It was also
15  clarified and given -- presented before the jury during jury
16  instructions before my judge, Judge Sally Greenhaw, that if they
17  did not believe that I possessed a gun at the time of this
18  incident, that they could find me guilty of first-degree theft
19  of property, and which the jury did come back with that
20  verdict.  So again, I would like to point out that the findings
21  before the court that was determined by the citizens of the
22  state of Alabama was the fact that I did not possess a gun.
23          THE COURT:  Does probation have a record of that
24  paragraph number 45, that 1995 conviction, as to whether it was
25  for kidnapping and theft of property?
```

```
 1         PROBATION OFFICER ROBINSON:  For the kidnapping and
 2  theft of property, Your Honor?
 3         THE COURT:  Yes, sir.
 4         PROBATION OFFICER ROBINSON:  Your Honor, you'll have to
 5  give me just a moment.
 6         THE COURT:  Take your time.
 7     (Brief pause)
 8         THE COURT:  Or does the government have any document as
 9  to that conviction?
10         PROBATION OFFICER ROBINSON:  Your Honor --
11         MR. SPEIRS:  Your Honor, the only documentation that I
12  have is what has been put into the presentence report, which
13  nobody objected to, Judge.  The facts are what they are, and
14  there's been no objection made.  And according to what's in the
15  PSR, as the Court knows, the victim in that case said as she
16  approached her vehicle, Rush approached her brandishing a
17  handgun.  And here we are some years later, but again with
18  Mr. Rush having another gun.
19         PROBATION OFFICER ROBINSON:  Your Honor, this is the
20  nol-pros for the armed robbery.
21     (Off-the-record discussion between the Court and the
22      probation officer)
23         MR. DEBARDELEBEN:  Judge, Mr. Rush says he has it, if
24  y'all are having trouble finding it.  He says he has it in his
25  papers.
```

```
 1            THE COURT:  Well, I think I have it up here.
 2            MR. DEBARDELEBEN:  Okay.
 3      (Off-the-record discussion between the Court and the
 4       probation officer)
 5            THE COURT:  All right.  The Court has examined the
 6   supporting documents in the probation file.  Paragraph 45 of the
 7   presentence report reflects a conviction for kidnapping and for
 8   theft of property first, 20 years, each count to be served
 9   concurrently with each other.  According to the case action
10   summary in the Circuit Court of Montgomery County, Alabama, in
11   Case 95-1050, the jury trial was held on August 16, 1995.  And
12   George C. Howell, Foreperson, found the defendant, Christopher
13   Kendell Rush, guilty of theft of property in the first degree
14   and found the defendant, Christopher Kendell Rush, guilty of
15   kidnapping in the second degree on the same date.  The
16   kidnapping case was 95-1050.  The theft-of-property case was
17   95-1051.
18            Mr. Kendell -- I mean Mr. Rush, you're 35 years old?
19            THE DEFENDANT:  Yes, sir.
20            THE COURT:  And you have achieved your GED at some
21   point; is that right?  Did you get your GED in prison?
22            THE DEFENDANT:  Yes, sir.  Yes, sir, I did.
23            THE COURT:  You're well-spoken.  You've spoken well for
24   yourself this morning.  It seems to me that I read that you have
25   some kind of electrician's certificate?
```

1     THE DEFENDANT: Yes, sir. I'm a journeyman
2 electrician, sir.
3     THE COURT: All right. Well, I want to give you as
4 much credit as I can for what you said in court this morning.
5 But the fact of the matter is what you say about yourself may or
6 may not be true; it's what you do that's true about you. And I
7 want to give you credit for your words, but your actions and
8 your criminal history is not good. You've got three supervised
9 release revocations, one failure to appear, the carjacking and
10 the theft, a stolen car in '93. And I realize that's when you
11 were younger, but you ran in this case from the officers and you
12 have kicked an officer in a previous case. You left the scene
13 of an accident in 1995. And I've taken all those factors into
14 consideration in determining what I think will be a reasonable
15 sentence for you.
16     I'm not opposed or was not opposed to giving you the 72
17 months recommended by probation and acceded to by the
18 government. But my sentence is going to be a little different
19 than that, and I'll explain that in a minute.
20     Having considered the guidelines, the sentence will now
21 be stated, but you'll have a final chance to make legal
22 objections before the sentence is imposed.
23     Having considered the sentencing guidelines and
24 evaluated the reasonableness of a sentence through the lens of
25 18 U.S.C., Section 3553, it is the judgment of the Court that

1  you're committed to the custody of the Federal Bureau of Prisons
2  to be imprisoned for a total term of 75 months.  That will be 75
3  months on count one and 75 months on count two to be served
4  concurrently.
5           Having considered the guideline computations and taken
6  them under advisement, the Court finds that the sentence imposed
7  is sufficient but not greater than necessary to comply with the
8  statutory purposes of sentencing.  Furthermore, the sentence is
9  reasonable considering the following sentencing factors found at
10 Section 3553(a).  First, the nature and circumstances of the
11 offense and the history and characteristics of the defendant.
12 And I've already explained some of my thoughts with respect to
13 your history and characteristics.  Second, to reflect the
14 seriousness of the offense and to promote respect for the law
15 and to provide just punishment for the offense.  Mr. Rush, when
16 you run from police officers, you put yourself in danger, you
17 put the officers in danger, and most of the time you put the
18 public in danger.  And that's the reason I gave you the extra
19 three months.  Third, to afford adequate deterrence to criminal
20 conduct.  Fourth, to protect the public from further crimes of
21 this defendant.  And fifthly, to provide needed correctional
22 treatment in the most effective manner.  And sixth, to avoid
23 unwarranted sentence disparities among defendants.
24          Upon release from imprisonment, you will be placed on
25 supervised release for a term of three years.  This term

1  consists of three years on counts one and two to be served
2  concurrently.  Within 72 hours of your release from custody, you
3  shall report to the probation office in the district to which
4  you have been released.  While on supervised release, you shall
5  comply with the mandatory and standard conditions of supervised
6  release on file with this Court.
7       You are also to comply with the following special
8  conditions.  One, you have to cooperate in the collection of
9  DNA.  Two, you shall submit to a search of your person,
10 residence, office, or vehicle pursuant to the search policy of
11 the Court.  Three, at that time, you will participate in a
12 program of drug testing administered by the United States
13 Probation Office.  Fourth, you will pay child support.  I've
14 noted for the record that you are behind in court-ordered child
15 support in over $34,000.  And I know from the probation officer
16 you dispute that, but that's in the report.  And whatever it is,
17 you'll probably never be able to pay it all.  But when you get
18 out, you will need to support your children, and I'll expect you
19 to.  And that's going to be a condition of your probation.
20      The Court finds that there is no identifiable victim
21 who incurred a financial loss as a result of this offense.  And
22 based on your inability to pay, I'm not imposing a fine.
23 However, you do owe the United States District Court Clerk a
24 special assessment fee of $200, which is due immediately.
25      Now, are there any objections to the sentence or to the

```
 1  manner in which the Court pronounced it?  First of all, from the
 2  government?
 3          MR. SPEIRS:  No objection, Your Honor.
 4          THE COURT:  Any objections from the defendant?
 5          MR. DEBARDELEBEN:  Your Honor, we were wanting the 63
 6  months, as you're well aware; but other than that, we have no
 7  objection.
 8          THE COURT:  All right.  Then the sentence is ordered
 9  imposed as stated.
10          Mr. Rush, you have the right to appeal the sentence
11  imposed within ten days.  And if you're not able to afford
12  counsel, the government will appoint counsel for you and the
13  government will be paid for you.  Is there any -- yes, sir.
14          MR. DEBARDELEBEN:  Your Honor, for the record, I am
15  filing a notice of appeal for Mr. Rush on today's date.
16          THE COURT:  Okay.  Notice of appeal is noted for the
17  record.  Anything further from the government?
18          MR. SPEIRS:  Not from the United States, Judge.
19          THE COURT:  Anything further from the defendant?
20          MR. DEBARDELEBEN:  No, Your Honor.
21          THE COURT:  Okay.  Mr. Rush, I wish the best for you,
22  and you are now remanded to the custody of the United States
23  Marshal.
24          MR. SPEIRS:  May I be excused, Your Honor?
25          THE COURT:  You may.
```

```
 1            MR. SPEIRS:  Thank you, sir.
 2            THE COURT:  Good to see you.
 3            MR. SPEIRS:  Thank you, sir.  It's good to see you.
 4            MR. DEBARDELEBEN:  Thank you, Your Honor.
 5            THE COURT:  Yes, sir.  Mr. DeBardeleben, are you
 6   finished for today?
 7            MR. DEBARDELEBEN:  I am.
 8            THE COURT:  You may be excused as well.
 9            MR. DEBARDELEBEN:  Thank you.
10            THE COURT:  Good to see you.
11      (Proceedings concluded at 10:31 a.m.)
12                       * * * * * * * * * *
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                COURT REPORTER'S CERTIFICATE
 2          I certify that the foregoing is a correct transcript
 3   from the record of proceedings in the above-entitled matter.
 4          This 30th day of May, 2008.
 5
 6                                    /s/ Risa L. Entrekin
                                      Registered Diplomate Reporter
 7                                    Certified Realtime Reporter
                                      Official Court Reporter
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```